# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN RONNELL ROSS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>VICKIE McCOY, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:99-CV-6324-REC-LJO-P<br><br>NOTICE OF REQUIREMENTS FOR OPPOSING UNENUMERATED RULE 12(B) MOTIONS<br><br>ORDER ALLOWING PLAINTIFF THIRTY DAYS WITHIN WHICH TO SUPPLEMENT HIS OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST<br><br>(Doc. 97) |

　　　Pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003), plaintiff is hereby provided with the following notice:

　　　Defendants have moved to dismiss the action in its entirety for failure to exhaust administrative remedies. The failure to exhaust administrative remedies is subject to an unenumerated Rule 12(b) motion to dismiss. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1988) (per curium)). "In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Wyatt, 837 F.3d at 1119-20 (quoting Ritza, 837 F.2d at 368). If the district court concludes that the prisoner has not exhausted administrative remedies, the case will be dismissed without prejudice. Wyatt, 837 F.3d at 1120. This means that

///

1   the case will end.  If plaintiff exhausts administrative remedies at a later date, he may file the case
2   as a new action.

3   When defendants make an unenumerated 12(b) motion to dismiss for failure to exhaust
4   administrative remedies, plaintiff may not simply rely on allegations in the complaint.  Instead,
5   plaintiff must oppose the motion by setting forth specific facts in declaration(s) and other evidence
6   regarding the exhaustion of administrative remedies.  See Fed. R. Civ. P. 43(e); Ritza v. Int'l
7   Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988).  If plaintiff does not
8   submit his own evidence in opposition, the court may conclude that plaintiff has not exhausted
9   administrative remedies and the case will be dismissed.

10  On November 12, 2004, defendants filed a motion to dismiss for failure to exhaust or in the
11  alternative for summary judgment.  Plaintiff filed an opposition to the motion on January 13, 2005.
12  Because plaintiff was not previously provided with notice of the requirements for opposing an
13  unenumerated Rule 12(b) motion, the court must provide plaintiff with the opportunity to
14  supplement his opposition to defendants' motion.  Plaintiff is not required to supplement his
15  opposition.  However, if plaintiff opts to supplement his opposition, he must do so within thirty days.
16  Further, plaintiff is limited to addressing defendants' motion to dismiss for failure to exhaust.
17  Plaintiff may not supplement his opposition to include further argument pertaining to defendants'
18  motion for summary judgment.

19  Accordingly,

20  1.   Within **thirty (30) days** from the date of service of this order, plaintiff may
21       supplement his opposition to defendants' motion to dismiss if he wishes to do so; and
22  2.   If plaintiff opts to supplement his opposition, plaintiff is limited to addressing
23       defendants' motion to dismiss for failure to exhaust and may not include further
24       argument pertaining to defendants' motion for summary judgment.

25  IT IS SO ORDERED.

26  **Dated:   June 28, 2005**              /s/ Lawrence J. O'Neill
    i0d3h8                                  UNITED STATES MAGISTRATE JUDGE
27

28