# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN RONNELL ROSS,<br><br>        Plaintiff,<br><br>   v.<br><br>VICKIE McCOY, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:99-CV-6324-REC-LJO-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE GRANTED<br><br>(Doc. 97) |

I.    Defendants' Motion to Dismiss

    A.    Procedural History

Plaintiff Alvin Ronnell Ross ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's second amended complaint, filed May 21, 2001, against defendants McCoy and Sumabat ("defendant") for retaliation. (Doc. 43.) On November 12, 2004, defendants filed a motion to dismiss for failure to exhaust or, in the alternative, for summary judgment. (Doc. 97-99.) Plaintiff filed an opposition on January 13, 2005.[1] (Doc. 105-107.) On June 28, 2005, the court issued an order notifying plaintiff of the requirements for opposing unenumerated Rule 12(b) motions to dismiss and providing plaintiff with the opportunity to supplement his opposition. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 109.) Plaintiff filed a supplemental opposition on July 14, 2005, and defendants filed a reply on July 19, 2005. (Docs. 110, 111.)

---

[1] Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment by the court in an order filed on August 14, 2000. Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

B.     Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (citing to Booth, 532 U.S. at 739 n.5). Exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084, et seq. "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can reasonably demonstrate as having an adverse effect upon their welfare." Id. at 3084.1(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Cal. Code Regs. tit 15, § 3084.5 (2004).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Based on the general principle that summary judgment is on the merits while dismissal of an action for failure to exhaust is not on the merits, the failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citations omitted); Fed. R. Civ. P. 12(b). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues

2

of fact. Id. at 1119-20. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

C. Discussion

Plaintiff filed this action on September 10, 1999. (Doc. 1.) In their motion, defendants argue that they are entitled to dismissal of this action because exhaustion occurred on August 24, 2000, almost one year after plaintiff filed suit. In support of their motion, defendants submit a copy plaintiff's exhausted appeal. (Doc. 99, Chen Dec., Exhibit B.)

In his opposition, plaintiff argues that this suit was initially one for violation of state law and exhaustion of state claims was not required. (Doc. 110, ¶ 4, 10.) Plaintiff further argues that his amended complaint was filed on May 21, 2001, and exhaustion occurred prior to that date. (Id., ¶ 10.)

Plaintiff's arguments are without merit. This action has been construed as one brought pursuant to section 1983 since its initiation. Although plaintiff utilized, in part, a state form complaint, plaintiff's claims were clearly brought pursuant to federal and state law, and have been treated as such by this court. (Doc. 1, pgs. 4-5, 7.) In his original complaint, plaintiff alleged claims for relief for violation of his federal constitutional rights. Section 1983 is *the* vehicle by which such claims are brought in federal court. Accordingly, plaintiff's attempt to recast his claims as ones brought solely under state law so as to avoid the mandate of 42 U.S.C. § 1997e(a) is rejected.

Further, although this action is currently proceeding on plaintiff's second amended complaint filed on May 21, 2001, the suit itself was initially filed on September 10, 1999. Exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Plaintiff may not exhaust while the suit is pending. McKinney, 311 F.3d at 1199-1201. Because exhaustion occurred after this suit was filed, defendants are entitled to dismissal of this action, without prejudice.

D. Conclusion

Based on the foregoing, it is HEREBY RECOMMENDED that defendants' unenumerated Rule 12(b) motion to dismiss for failure to exhaust prior to filing suit, filed November 12, 2004, be

///

1  GRANTED, and this action be dismissed, without prejudice, for failure to comply with 42 U.S.C.
2  § 1997e(a).[2]

3       These Findings and Recommendations will be submitted to the United States District Judge
4  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**
5  **days** after being served with these Findings and Recommendations, the parties may file written
6  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
7  Findings and Recommendations."  The parties are advised that failure to file objections within the
8  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d
9  1153 (9th Cir. 1991).

11  IT IS SO ORDERED.

12  **Dated:   July 22, 2005**          /s/ Lawrence J. O'Neill
    b9ed48                              UNITED STATES MAGISTRATE JUDGE

---

[2] In light of the recommendation to dismiss this action for failure to exhaust, the court does not reach defendants' motion for summary judgment.  Perez v. Wisconsin Dep't of Corr., 182 F.2d 532, 534 (7th Cir. 1999).

4