# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN RONNELL ROSS,<br><br>        Plaintiff,<br><br>   v.<br><br>VICKIE McCOY, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:99-CV-6324-REC-LJO-P<br><br>ORDER DISREGARDING SECOND<br>SUPPLEMENT TO OPPOSITION<br><br>(Doc. 113) |

     Plaintiff Alvin Ronnell Ross ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On June 29, 2005, the court issued an order allowing plaintiff to supplement his opposition to defendants' motion to dismiss. Plaintiff filed a supplement on July 14, 2005, and defendants filed a reply on July 19, 2005. Pursuant to Local Rule 78-230(m), defendants' motion to dismiss was deemed submitted on July 19, 2005, upon the filing of the reply, and the court issued a Findings and Recommendations addressing the motion on July 22, 2005.

     On July 26, 2005, plaintiff filed a second supplement to his opposition. In light of the facts that plaintiff previously availed himself of the opportunity to supplement his opposition, the motion was subsequently deemed submitted, and the court issued Findings and Recommendations, the court will not consider plaintiff's second opposition. Any further argument plaintiff wishes Judge Coyle

1

to consider must be set forth in an objection to the Findings and Recommendations.[1]

Accordingly, plaintiff's second supplement to his opposition to defendants' motion to dismiss, filed July 26, 2005, is HEREBY DISREGARDED.

IT IS SO ORDERED.

**Dated:    July 29, 2005**                            **/s/ Lawrence J. O'Neill**
i0d3h8                                                       UNITED STATES MAGISTRATE JUDGE

---

[1] Even if the court was to consider plaintiff's second supplement, the argument set forth therein does not alter the Findings and Recommendations. The holding in Rumbles v. Hill cited to by plaintiff is no longer good law. Rumbles v. Hill, 182 F.3d 1064, 1069 (9th Cir. 1999) (holding, in part, exhaustion not required where prisoner seeking money damages and administrative process does not provide money damages). Pursuant to the United States Supreme Court's decision in Booth v. Churner, which overruled Rumbles in part, prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001).